| | |
|---|---|
| WILLIE ANDREW COLEMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )       **O R D E R** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed January 10, 2006 (Document No. 1.)

## I. Factual and Procedural Background

A review of the record reflects that on September 20, 1996, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute, and distribution of, cocaine and cocaine base within 1, 000 feet of a school. This Court sentenced Defendant on October 28, 1997 to a term of 156 months imprisonment plus three years supervised release. Judgment was entered December 17, 1997 and Petitioner did not appeal.

Petitioner filed the instant § 2255 motion on January 10, 2006, over eight years after he was sentenced. This Court did not send Petitioner a notice pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), allowing Petitioner to file a document explaining why his petition should be deemed timely filed because in his Motion to Vacate, Petitioner argues that the limitations period governing his Motion begins to run when the Supreme Court announces a new rule. 28 U.S.C. (3). Petitioner argues that the new rule was announced by the Supreme Court in the case of

United States v. Booker on January 12, 2005. Petitioner further argues that United States v. Morris, 429 F.3d 65 (4th Cir. 2005) which held that Booker is not retroactive to cases on collateral review, should not be considered binding precedent here because Morris treated Booker as entirely procedural and therefore not retroactive to cases on collateral review and he is arguing the substantive aspects of Booker's reasonable doubt rule, which he argues is substantive and not procedural and therefore should be retroactively applicable to cases on collateral review.

## II. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner was sentenced on October 28, 1997 and judgment was entered on December 17, 1997. Petitioner did not file a notice of appeal. Thus, giving the Petitioner the benefit of all reasonable calculations, his conviction became final 10 days from the date judgment

was entered, around December 27, 1997. Therefore Petitioner had until about December 27, 1998 to file his § 2255 motion. Petitioner did not file the instant Motion to Vacate until January 10, 2006 – that is, more that seven years after the expiration of the limitations period.

By way of explanation for his late petition, Petitioner argues that he filed his Petition pursuant to the new Supreme Court rule announced on January 12, 2005 in the case of United States v. Booker, 125 S. Ct 738 (2005) and therefore the AEDPA one year limitations period begins to rule one-year from when the rule is announced. Petitioner further argues that while the Fourth Circuit recently stated that the Booker case is not retroactively applicable to cases on collateral review, that case only treated Booker as entirely procedural while he is arguing the substantive aspects of Booker's reasonable doubt rule, which he argues is substantive and not procedural and therefore should be retroactively applicable to cases on collateral review. United States v. Morris, 429 F.3d 65 (4th Cir. 2005).

The Court first notes that it is aware of the recent pronouncements in Apprendi, Blakely and Booker/Fanfan. The Court is also aware of the Fourth Circuit Court of Appeals recent case which concluded that Booker cannot be retroactively applied in cases such as this. See United States v. Morris, 429 F.3d 65 (4th Cir. 2005). The Fourth Circuit did not make the distinction that Petitioner asks this Court to make in its determination of whether Booker could be applied retroactively. Instead, the Fourth Circuit plainly said that Booker was a new rule, for purposes of Teague retroactivity analysis however, Booker was not a watershed rule warranting retroactive application. Morris, 429 F.3d at 72. The Morris case is binding on this Court and controls the outcome of this case. In Morris, the Fourth Circuit joined nine other circuits in holding that Booker does not apply retroactively to cases on collateral review. See Morris, 429 F.3d 65 at ft.nt 2.

Moreover, in United States v. Dodd, 125 S.Ct. 2478, the Supreme Court explained that the one year limitations period in 2255(3) is limited to cases in which applicants are seeking to assert rights "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255.  The Court further explained that 2255(3) does not apply at all if the conditions in the second clause - "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" - have not been satisfied.  Said another way, a federal prisoner may take advantage of the date in the first clause of 2255(3) only if the conditions in the second clauses are met.  Id. at 2482.  The Supreme Court has not made the new rule stated in Booker retroactive to cases pending on collateral review and the Fourth Circuit has explicitly held that the rule stated Booker is not retroactively applicable to cases on collateral review.  United States v. Morris, 429 F.3d 65 (4th Cir. 2005).  Therefore, Petitioner has not satisfied the one year limitations period stated in 28 U.S.C. 2255(3) as one year has passed since the Supreme Court stated the new rule articulated in Booker and the Supreme Court has not made that rule retroactively applicable to cases on collateral review.

For the foregoing reasons, this Court concludes that Petitioner's January 10, 2006 Motion to Vacate is untimely and therefore must be dismissed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is dismissed as untimely.

**Signed: January 12, 2006**

Graham C. Mullen
Chief United States District Judge